UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

UNITED STATES OF AMERICA,

                Plaintiff,        No. 06-20286

vs.                              Hon. Paul V. Gadola

CHARLES GARY-DON ABBEY

                Defendant.

_____

| | |
|---|---|
| Robert W. Haviland (P25665) | Charles A. Grossmann (P24522) |
| Assistant U.S. Attorney | Attorney for Defendant |
| 600 Church St. | 452 S. Saginaw St., Ste 302 |
| Flint, MI 48502 | Flint, MI 48502 |
| (810) 766-5031 | (810) 232-0553 |
| Email: robert.haviland@usdoj.gov | Email: cgrossmann702@hotmail.com |

_____

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF HIS MOTION TO DISMISS
INDICTMENT

Prepared by:
Charles A. Grossmann
Attorney for Defendant

1

The Government fails to take cognizance that before the Court is a timely pre-trial motion on the sufficiency of the indictment. The Government does not answer with one case pertaining to such a motion. All of its cases it claims rebuts the Defendant are outside the 6th Circuit and address post-trial issues on the sufficiency of the evidence, except one. That one is <u>United States v Quinn</u>, 359 F.3d 666 (4th Cir. 2004) in which the defendants failed to object to the sufficiency of the indictment in the district court, only raising it on appeal; therefore *Quinn* reviewed that issue for plain error. The *Quinn* Court said that its application of the standards for an indictment is, "tempered by the absence of an objection to the indictment before the verdict was rendered." <u>Id</u> at 671. There should not be any tempering of the indictment standards in Mr. Abbey's case.

The indictment standards were laid out in the Defendant's initial brief. The indictment needs to state all the charge's elements, unambiguously with sufficient and essential facts and circumstances to inform the accused, including stating particulars when using generic terms. <u>Id</u> at 671. Insufficiencies in an indictment cannot be corrected with a bill of particulars or jury instructions, or some other changes by the court as the Government suggests. See <u>Russell v. U.S.</u> 369 U.S. 749, 771, 82 S. Ct. 1038, 1051 (1962): "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." The grand jury cannot be cut out of the process. The only remedy is a resubmission to the grand jury to review the proper language and all the material facts, including exculpatory, to be a meaningful process.

The Government argues <u>United States v. Sun-Diamond Growers of California, 526 U.S. 398, 119 S. Ct. 1402 (1999)</u> cannot be applied to §666; and then the

2

Government proceeds to contradict itself with its own case law upon which it relies. As the Defendant has previously argued, *Sun-Diamond* actually did address the bribery statute §201(b); for confirmation see the Government's case of <u>U.S. Quinn 359 F.3d 666, 672-673 (4th Cir. 2004)</u>. Further, *Quinn* and the Government both have relied on the pre-*Sun-Diamond* case of <u>United States v. Jennings, 160 F3d. 1006 (4th Cir.1998),</u> which the Government admits at page 6, "analogized Section 666 to Section 201's bribery provision (§201(b)". The Government's argument violates logic; it cannot say Sections 201(b) and 666 are analogous, but then argue *Sun-Diamond s* discussion of 201(b) cannot be applied to §666.

The Government further argues *Sun-Diamond* applies to receipt of *de minimis* property, like tickets and hats, and §666 does not. It's wrong. §666 applies to the receipt of "anything of value", which the Government points out at page 8 that a bribe under §666 does not have to have any value to convict. Clearly the receipt of *de minimis* property could satisfy the "anything of value" description in §666 for the property received by a defendant.[1] *Sun-Diamond* applies to §666 because §666 applies to *de minimis* transfers and §666 is analogous to §201(b); therefore, for the reasons stated in *Sun-Diamond,* an indictment under §666 requires identification of the specific official act to be influenced.

The Government also fails to address the need for particulars of the City business influenced so it can be determined and defended if that business had a value of $5,000 or greater. Without specificity, the federal government can expand its powers into state matters contrary to Congress's intent.

---

[1] The Government's argument confuses the $5000 requirement for the value of the transaction to be influenced with the "anything of value" requirement for the bribe in §666.

3

It is the Defendant's position that *Quinn* did not sufficiently follow the mandates of *Sun-Diamond* in forcing identification of specific transactions. That may be because it was raised post-verdict and the $5000 minimum limit was not an issue. But, it should also be noted that even in *Quinn* the Government still described in the indictment the business to be influenced as "a contract with the Treasury Department" and "a Government automation contract". *Id* at 674. In Mr. Abbey's case, even the Government's proposed language falls short of *Quinn* s minimal specificity.

The Government's proposed correction of this problem is by reference in a new indictment to real estate developments in the City of Burton where Mr. Rizzo had or would have a financial interest. That is insufficient. Other than tactics, the Government has no reason to be miserly with particulars. It claims Mr. Abbey sought a reward for past projects, therefore the Government should have evidence of what exactly Mr. Abbey did on what projects that he was able to seek a reward for from Mr. Rizzo. As to future projects, this alleged crime occurred almost five years ago; the Government should now have information of the future projects it claims Mr. Abbey was to influence and the type of official actions to be influenced.

Regarding §666 intent, at page 7 the Government interprets *Jennings* to mean the Government has to prove intent only when prosecuting the giver of a thing of value but not when prosecuting the receiver. Jennings, the defendant, was the giver in that case, and only his intent was the focus of the case; the *Jennings* court did not opine that if the receiver were prosecuted, then intent would be irrelevant. The Government's argument is frivolous.

4

The Government at page 4 states the elements of conspiracy with a glaring omission. It ignores the words for the requisite intent, words like "willfully" and "knowingly". See <u>U.S. v. Kraig</u>, 99 F3d 1361, 1368 (6th Cir. 1996)

The Government seems to think by inserting the word "corruptly" into the indictment for Counts One and Two then it has covered its obligation for the intent element in the indictment. But, "corruptly" is a generic term and this is a pretrial motion to apply the standards for an indictment. Thus, particulars are needed. An example of the particulars was given in <u>Quinn,</u> at 674 in a jury instruction. That instruction said corrupt intent means "defendant must have demanded, sought or received a thing of value with deliberate purpose of being influenced in the performance of his or her official duties. This involves conscious wrong doing or, as it is sometimes expressed, a bad or evil state of mind." If that is what the Government means by the generic term "corruptly" then it should say so in the indictment for clarity and so the grand jury can consider it.

The Defendant agrees with the subjective value principle of the Government's case of <u>United States v. Williams</u>, 705 F2d 603 (2nd Cir. 1983). It demonstrates how concepts of value and intent intersect. It is not the actual value of the thing received that controls, because the defendant could be found guilty if he "subjectively believed he was receiving something of value." <u>Id</u> <u>at 622-23</u>. To illustrate, if an official asked for a valuable painting for his bribe, only to find out later he had been scammed with a worthless forgery, he is still guilty because of his evil intent. Likewise though, if an official did not believe he received value over what it cost him for the property, then he did not have an evil intent by obtaining that thing of value and he should not be

convicted, regardless if the thing received is, to his surprise, later discovered to be a Picasso. The Government's argument on page 9 that it does not have to prove what the defendant believed regarding value is opposite of the *Williams* holding.

On pages 9-10 the Government cites sufficiency of evidence cases to prove it does not have to define value. But this is a pre-trial sufficiency of indictment motion, "value" is a generic term, and therefore the indictment needs particulars. For example the Government says it will prove Mr. Abbey received property "worth about $15,000-$20,000." Does it mean that is the gross market value (however that is defined), the net market value over what Mr. Abbey paid, or what Mr. Abbey believed he received over what he paid? If this issue had not been raised now, then maybe there could be sufficient evidence presented to support a jury verdict under a sufficiency of evidence standard. But, this issue is raised now, and the Defendant is entitled to clarity of an ambiguous indictment.

In addressing the Hobbs Act, the Government precisely misinterprets *Scheidler v. National Organization of Women,* 537 U.S. 393 (2003) saying *Schiedler* does not require the deprivation of property from somebody else, only that the defendant obtained property. It is clear from *Schiedler* that both are elements of the charge, something must be proven to have been obtained and somebody had to be deprived of something. *Id* at 404.[2]

The Government seems to be proposing that other deficiencies in the Hobbs Act charge can be corrected with a jury instruction. As previously discussed, that is not a remedy for a bad indictment. This indictment should be dismissed.

---

[2] It might be noted the *Scheilder* court did not think *Morissette* "very dubious authority" as the Government called *Morissette* at page 8. See *Scheilder* at 402.

6

                                              Respectfully submitted,

Dated: June 30, 2006                    s/CHARLES A. GROSSMANN
                                              Attorney for Defendant
                                              452 S. Saginaw St., Ste 302
                                              Flint, MI  48502
                                              Telephone: (810) 232-0554
                                              Fax: (810) 232-0553
                                              Email: cgrossmann702@hotmail.com
                                              P24522

                                      Certificate of Service

I hereby certify that on June 30, 2006, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

    Robert W. Haviland, Assistant United States Attorney

                                              Respectfully submitted,

Dated: June 30, 2006                    s/CHARLES A. GROSSMANN
                                              Attorney for Defendant
                                              452 S. Saginaw St., Ste 302
                                              Flint, MI  48502
                                              Telephone: (810) 232-0554
                                              Fax: (810) 232-0553
                                              Email: cgrossmann702@hotmail.com
                                              P24522