UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,                    No. 06-20286

v.

                                  Hon. PAUL V. GADOLA

CHARLES GARY-DON ABBEY,
        Defendant.
_____/

## RESPONSE TO MOTION
## TO DISMISS SUPERSEDING INDICTMENT

      For the reasons stated in the brief filed herewith, the United States opposes defendant's motion to dismiss the superseding indictment.

                                  STEPHEN J. MURPHY
                                  United States Attorney

Dated: August 21, 2006        s/ ROBERT W. HAVILAND (P25665)
                                  Assistant U. S. Attorney
                                  600 Church Street
                                  Flint, MI  48502    (810) 766-5031
                                  robert.haviland@usdoj.gov

## BRIEF

      The parties have already filed briefs on defendant's motion to dismiss the original indictment in this case.  Defendant has now been arraigned on a superseding indictment, and has filed a motion to dismiss it, as well.  As the superseding

indictment made few and minor changes, this motion primarily relies on the arguments made in defendant's earlier motion to dismiss.  For the same reasons, the government relies primarily on the arguments in its response to that earlier motion.  The instant response will, therefore, focus on any new arguments presented in the instant motion, and will follow the outline of defendant's brief.

## **Specific Transaction**

At pages 2-4 of his brief defendant repeats his argument that *United States v. Sun-Diamond Growers of California*, 526 U.S. 398 (1999), applies to this case and requires the government to allege "a specific official act" (defendant's brief at 4) of defendant in exchange for the free real property he received.  But *Sun-Diamond* involved a statute that is not alleged in the instant case, 18 U.S.C. § 201.  In interpreting the "illegal gratuity" portion of that statute the Court stated as follows:

> The District Court's instructions in this case, in differentiating between a bribe and an illegal gratuity, correctly noted that only a bribe requires a proof of a *quid pro quo*.  The point in controversy here is that the instructions went on to suggest that § 201(c)(1)(A), unlike the bribery statute [§ 201(b)], did not require any connection between respondent's intent and a specific official act.
> \* \* \*
> In our view this interpretation does not fit comfortably with the statutory text, which prohibits only gratuities given or received "for or because of *any official act* performed or to be performed (emphasis added).  It seems to us that this means "for or because of some particular official act of whatever identity" . . . .

2

*Id.*, 526 U.S. at 405-406. The phrase "for or because of any official act" simply does not appear in the statutes involved in the instant case, 18 U.S.C. §§ 666 and 1951. Accordingly, the Court's statutory interpretation of that phrase of § 201 in *Sun-Diamond* simply does not apply to the instant case. Defendant still has cited no case holding that it does.

[Moreover, even in the context of Section 201(b) bribery cases, what is required is not a specific act, but "a specific **intent** to give or receive something of value *in exchange* for an official act." *Sun-Diamond*, 526 U.S. at 404-05 (bold emphasis added). "Nor must the government prove 'that the defendant intended for his payments to be tied to specific official acts (or omissions) ....'" *United States v. Quinn*, 359 F.3d 666, 673 (4th Cir.2004).]

On Count One the government must prove that co-conspirator Rizzo acted "with intent to influence or reward" defendant Abbey "in connection with any business of" the City of Burton, within the meaning of 18 U.S.C. § 666(a)(2). As to Count Two the government must prove that defendant Abbey corruptly solicited, demanded, or accepted title to the lot "intending to be influenced or rewarded in connection with any business of" the City, within the meaning of 18 U.S.C. § 666(a)(1)(B). The cases cited in the government's earlier brief at 6-7 and 11-14 show

that no "specific official act" need be specified in the indictment or proven at trial. "[T]he agreement may be express or tacit and may be proved by direct or circumstantial evidence." *United States v. Freeman*, 208 F.3d 332, 342 (1st Cir.2000). "A *quid pro quo* of money for a specific legislative act is *sufficient* to violate the statute, but it is not *necessary*. It is enough if someone corruptly 'solicits or demands ... anything of value from any person, intending to be influenced or rewarded in connection with any [official] business ....'" *United States v. Gee*, 432 F.3d 713 (7th Cir.2005).

Pages 4-8 of defendant's brief attribute to the government arguments it has never made; allege "facts" which are disputed; and attack the credibility of Rizzo. These allegations are not germane to the issue now before the court. But it should be noted that despite the attacks on Rizzo's character, defendant has not alleged any falsity in his recorded statement or his grand jury testimony. To the contrary, defendant uses Rizzo's testimony to support his own argument. He does not deny that Rizzo in fact gave him title to the lot for free, or that the two of them carefully covered up that transaction to conceal it from the public. The government believes that Rizzo's testimony will be essentially undisputed at trial.

**Intent**

At pages 8-11 of his brief defendant argues that "'Corruptly' is ... a generic word; and the particulars of it should be stated." He apparently contends that some expanded definition of "corruptly" is an essential element of the statute that must be alleged in the indictment. He cites no case so holding. His citation of *United States v. Quinn*, 359 F.3d 666 (4th Cir.2004) in this context is puzzling, as the jury instruction at issue in that case did not use the word "corrupt":

> It is not a defense that the official act sought to be influenced would have been done anyway regardless of the fact that the bribe was received or accepted. That is to say, even if the defendant acted as he or she normally would if the bribe had not been requested, the crime of bribery has still been committed.

*Id.,* 359 F.3d at 675. In approving this instruction the Fourth Circuit stated "The critical question is whether the government official solicited something of value with a corrupt intent, i.e., in exchange for an official act." *Id.* This certainly does not imply that the indictment was required to define the word "corrupt" in such terms. (Moreover, *Quinn* did not involve the statute at issue in the instant case, 18 U.S.C. § 666).

More generally, defendant's argument proves too much. While it is true that the word "corruptly" may mean different things in different contexts, the same is true of a host of other words used in indictments, such as "knowingly"; "willfully";

"possessed"; "conspired"; "on or about"; etc. Defendant's argument would require the precise meaning of each such term to be fully explained in the indictment itself, rather than left to jury instructions, as has been the common practice for centuries. Experience has shown that it is better to wait until the end of the trial to explain such terms in the context of the actual evidence.

At pages 9-11 defendant's brief speculates that the government "may not want to deal with what Mr. Abbey believed about the value of the lot," and attributes to the government knowledge of a host of alleged facts. Defendant apparently contends that the lot he received was not a "thing of value" within the meaning of the statute unless *he thought it was*. Defendant cites no case so holding. The statute itself suggests no such requirement. No recognized jury instructions so state. There is no such requirement.

What defendant fails to recognize is that the *mens rea* of the statute is set forth explicitly in the phrases "with intent to influence or reward an agent ... in connection with any business" (Count One) and "intending to be influenced or rewarded in connection with any business" (Count 2). 18 U.S.C. § 666(a)(1)(B) and (a)(2). There is, therefore, no need for the government to prove directly that defendant knew that what he received was a thing of value. Even if he thought it had no value, he would

6

be violating the statute if he received it "intending to be influenced" as to City business. (It is certainly difficult to conceive of such a situation, however). While defendant contends the government cannot prove he acted with such intent, that is a matter for the jury to decide; the allegations of the indictment on this element are certainly sufficient.

### Value

In an argument very similar to that discussed under "Intent," defendant's brief at 11-14 argues that the indictment is defective because it does not sufficiently define "value." Again, he cites no case holding that a more precise definition of value is an element of the statute. Again, he apparently argues that more definition is required simply because the word can mean different things in different contexts. On this issue some factual explanation is required.

The government will prove at trial that defendant requested and received from Rizzo title to a particular lot in a residential subdivision in Burton, and that he paid Rizzo absolutely nothing for that title. The government will further prove that this title then had an objective, market-based value of at least $15,000, over and above the amount of City liens outstanding against the property for taxes and improvements. Thus, the government will prove that defendant received a "thing of value" worth at

least $15,000.  Defendant's brief seeks to obfuscate the issue by noting that, many months **after** receiving the title for free, he obtained a mortgage and paid the outstanding assessments and taxes (some of which accrued after he received the title). Defendant argues that he legitimately believed the title was worthless in 2001; he does not explain why he needed to conceal the receipt of this "worthless" title from the public.

"The defense position is that the statutory meaning of 'value' is subjective to the defendant in a bribery charge." Defendant's brief at 13.  He argues the government must charge and prove that **he believed** the lot had value.  He cites no case so holding, or any other authority for this proposition, but points only to a case cited by the government, *United States v. Williams*, 705 F.2d 603, 622-23 (2d Cir. 1983).  As noted in the government's earlier brief at 9, *Williams* held only that a defendant's subjective belief that a bribe had value was **sufficient** for guilt, even if the bribe was objectively worthless.  In no way does that holding support the proposition that a defendant's subjective belief that the bribe had value is a **necessary** element of the crime.

The statute, by its express terms, requires only that the defendant receive a "thing of value."  *Williams* dealt with the situation in which an official is tricked into

8

accepting something of no value in exchange for being influenced as to his official acts. In the instant case the government has no need to rely on *Williams*, but will prove that defendant received a title to property that was undeniably a "thing of value."

## Count Three, Hobbs Act

At pages 14-15 of his brief defendant argues that Count Three of the superseding indictment "mocks the requirement that an indictment must unambiguously state all the elements ...." He does not, however, state what particular element has not been alleged, but relies on his earlier brief. Accordingly, the government will also rely on its earlier brief to support its contention that all the elements of the Hobbs Act are adequately alleged.

        Respectfully submitted,

        STEPHEN J. MURPHY
        United States Attorney

Dated: August 21, 2006        s/ ROBERT W. HAVILAND (P25665)
        Assistant U.S. Attorney
        600 Church Street
        Flint, MI  48502    (810) 766-5031
        robert.haviland@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2006, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Charles A. Grossmann

        s/ ROBERT W. HAVILAND  (P25665)
        Assistant United States Attorney
        600 Church Street
        Flint, MI  48502
        Phone:  (810) 766-5031
        E-Mail: robert.haviland@usdoj.gov