UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,          No.  06-20286

v.

                              Hon. PAUL V. GADOLA

CHARLES GARY-DON ABBEY,
          Defendant.
_____/

### RESPONSE TO *IN LIMINE* MOTION
### TO SUPPRESS EVIDENCE REGARDING LAND SALES

For the reasons stated in the brief filed herewith, the United States opposes "Defendant's *In Limine* Motion to Suppress Evidence Regarding Land Sales."

                              STEPHEN J. MURPHY
                              United States Attorney

Dated: August 21, 2006         s/ ROBERT W. HAVILAND (P25665)
                              Assistant U. S. Attorney
                              600 Church Street
                              Flint, MI  48502    (810) 766-5031
                              robert.haviland@usdoj.gov

### BRIEF

Defendant has filed a motion *in limine* to "Suppress Evidence Regarding Land Sales." His first argument is that "it is what Mr. Abbey believed to be the value that controls," so evidence of comparable sales not known to him is irrelevant.

Defendant's brief at 3.  The premise for this argument is simply false.  Defendant cites no cases for this premise other than *United States v. Jennings,* 160 F.3d 1006, 1014-15 (4th Cir.1998) and *United States v. Williams*, 705 F.2d 603, 622-23 (2d Cir.1983), neither of which says any such thing.  (The issue is discussed more fully in the parties' briefs on defendant's motions to dismiss the indictment and the superseding indictment).

Second, defendant argues that evidence of sales of other properties in the same subdivision "are not relevant without an expert," (defendant's brief at 6), citing *State Highway Commissioner v. Schmidt*, 3 Mich.App. 415, 419-20 (Mich.Ct.App. 1966) (defendant's brief at 7-8).  *Schmidt* was an appeal from a decision on the value of property condemned for a public purpose - an issue governed by Michigan statutes involving an appointed board of commissioners and circuit court review - and therefore of dubious relevance to the instant case.  But immediately before the quoted portion of that opinion the Michigan Court of Appeals cited a controlling Michigan Supreme Court opinion as follows:

> "A lay witness will be permitted to testify as to the value of land if he has seen the land and has some knowledge of the value of other lands in the immediate vicinity.  Testimony as to sales and offers of sales of land in the vicinity of that sought to be condemned was properly admitted for the purpose of showing that the witnesses had some knowledge of the value of lands in the vicinity upon which to form an opinion of the value

> of the lands in question. Ordinarily, jurors in condemnation proceedings are drawn from the vicinity. They are freeholders. They know something of the value of the lands sought to be condemned.
> \* \* \*
> They determine and fix the value of the land after a consideration and discussion of the various things that are brought to their attention which they deem worthy of consideration, and make up and sign the judgment roll therefrom."

*Schmidt*, *supra*, 3 Mich.App. At 419, citing *In re Brewster St. Housing Site*, 291 Mich. 313 (1939) (internal cites omitted). Thus, even in Michigan condemnation hearings non-experts, like experts, may testify about the value of comparable sales as part of their testimony about the value of a lot. In the instant case sales of other lots are not relevant in the absence of testimony that those lots are "comparable" to the lot at issue; but the government will present such testimony, either from ordinary or expert witnesses.

At page 9 of his brief defendant argues that any expert opinion "requires a pre-trial *Daubert* hearing (presumably referring to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). But he cites no case holding that any *Daubert* hearing needs to be conducted before trial, and the government is aware of none.

At pages 10-14 of his brief defendant argues that so-called "private documents" are not relevant. The argument is convoluted in the extreme. Apparently, he contends

3

that certain affidavits of purchasers of comparable properties (acknowledging that they would be assuming the special assessments) should not be considered because they (allegedly) contradict certain other documents. But, of course, that one document contradicts another document does not warrant the exclusion of either from evidence. If defendant means only that the documents should not be admitted without competent testimony about their context and meaning, the government concurs.  But if the purchaser of title to a comparable lot testifies that he paid $20,500, knowing that there would still be more than $18,000 in special assessments outstanding as liens against it, these affidavits would certainly be admissible to prove the truth of such testimony.

Defendant's brief at 14-17 argues that a $40,000 appraisal of the subject lot by one Robert Ulrich, obtained by a mortgage company at defendant's own expense, should not be admitted at trial for various reasons.  The government did not request this appraisal.  It is not required to present Mr. Ulrich as a witness and does not currently intend to do so.  Accordingly, defendant's objections are moot at this time. Should the government later elect to call Mr. Ulrich, it will promptly advise defendant so that he may renew his objection.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

Dated: August 21, 2006

s/ ROBERT W. HAVILAND (P25665)
Assistant U.S. Attorney
600 Church Street
Flint, MI  48502    (810) 766-5031
robert.haviland@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2006, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Charles A. Grossmann

s/ ROBERT W. HAVILAND  (P25665)
Assistant United States Attorney
600 Church Street
Flint, MI  48502
Phone:  (810) 766-5031
E-Mail: robert.haviland@usdoj.gov